QUINCE, J.,
dissenting.
I cannot agree that a defendant can be convicted of both attempted second-degree murder with a firearm and aggravated battery on a law enforcement officer for a single act of shooting at a police officer; therefore, I dissent. Under the facts and circumstances of this case, the aggravated battery is the same core offense as the attempted second-degree murder. See Sirmons v. State, 684 So.2d 153 (Fla.1994). As Chief Justice Pariente points out in her dissent, the defendant was charged with two forms of attempted first-degree murder: attempted first-degree murder of a law enforcement officer and attempted first-degree murder on the same victim and both from the same act of shooting at the victim. If the jury had returned guilty verdicts for each of these offenses, he could only have been convicted and sentenced on one of the offenses. The fact that the jury chose to convict on lesser included offenses should not change the result.
PARIENTE, C.J., and ANSTEAD, J., concur.